# IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
### GENERAL CIVIL DIVISION

**JAMES C. PATTERSON, ESQ.,**
    Plaintiff

vs.                                    CASE NO: _____

**CREDIT KARMA, INC.,**
    Defendant
_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff, **JAMES C. PATTERSON, ESQ.** ("Plaintiff"), Pro Se, and for his Complaint for Damages against **CREDIT KARMA, INC.** ("Defendant") does state as follows:

1. This is an action for damages in excess of $15,000.00.

2. Plaintiff is a resident of Hillsborough County, Florida.

3. Defendant is a foreign corporation registered to do business in Florida. In conducting this business, Defendant transacts material business in Hillsborough County, Florida

4. Defendant is in the business of obtaining credit information and scores from credit bureaus and using that information to purportedly provide consumers with financial recommendations and, more to the point, using that information and its website to direct consumers to purportedly appropriate lenders and issuers of credit cards who advertise with Defendant...all to the profit and benefit of Defendant.

5. On April 5, 2018 Defendant reported Plaintiff's Equifax credit score to Plaintiff via email over the internet. In said email, Defendant reported that Plaintiff's credit score with Equifax had dropped 66 points from 754 to 688.

6. Immediately upon receiving the email from Defendant, Plaintiff emailed Plaintiff on the same April 5, 2018 date and communicated to Defendant that the Equifax score Defendant was reporting was in error and that, at the same time Defendant was reported a supposed 66 point drop in Plaintiff's credit score with Equifax, Plaintiff's credit score with TransUnion actually had increased 1 point to 750. Plaintiff demanded that Defendant immediately correct its erroneous reporting.

7. In response to the initial email from Plaintiff to Defendant, the support staff at Credit Karma sent meaningless, non-responsive, "canned" emails back to Plaintiff but Defendant failed to make any correction to Plaintiff's credit score as demanded by Plaintiff.

8. Having failed to obtain any relief from Defendant, Plaintiff contacted Equifax directly, ordered his credit score from Equifax and notified Defendant that the credit score had been ordered from Equifax. Once again, Plaintiff demanded that Defendant correct its erroneous reporting. Defendant, once again, failed to make any correction.

9. On April 12, 2018, Plaintiff received his credit score in the mail from Equifax. The document provided by Equifax to Plaintiff confirmed that as of April 5, 2018, the correct Equifax credit score for Plaintiff was 757...a 3 point increase... rather than the 66 point drop reported by Defendant.

10. On April 12, 2018 at 3:57 p.m. (Eastern), Plaintiff emailed the support staff of Defendant, attached the Equifax credit score report evidencing Plaintiff's correct Equifax credit score of 757 and, once again, demanded that Defendant correct its erroneous reporting.

11. On April 12, 2018 at 4:29 p.m., Plaintiff received an email from Defendant apparently in response to the email that Plaintiff had just provided to Defendant that included the Equifax report. Once again, and despite having just received conclusive evidence to the contrary, in its 4:29 p.m. email to Plaintiff, Defendant erroneously reported Plaintiff's Equifax credit score at 688.

12. On April 14, 2018, Plaintiff received an additional email from Defendant that indicated that Defendant would not correct its error at that time.

13. Despite repeated attempts by Plaintiff and being provided conclusive evidence by Equifax, Defendant continues to negligently, wrongfully, maliciously and erroneously report Plaintiff's Equifax credit score at 688 rather than the correct 754. This negligent, malicious, willful and wrongful reporting has damaged and will continue to damage Plaintiff.

**WHEREFORE**, Plaintiff prays for damages against Defendant in an amount to be determined, for costs and for any and all such other relief as this Court may deem available and appropriate to Plaintiff in the premises.

## COUNT I-NEGLIGENCE

14. Plaintiff restates and realleges Paragraphs 1 through and including 13 above.

15. Defendant is in the business of reporting credit scores to consumers (including Plaintiff) and using that information to purportedly direct consumers to lenders and issuers of credit cards appropriate for those credit scores. In the performance of its business, Defendant owes a duty of care to consumers (including Plaintiff) to accurately and correctly make such credit reports. Defendant also owes a duty of care to consumers (including Plaintiff) to correct Defendant's reported scores when presented evidence that the same are inaccurate or erroneous.

16. Upon learning that Plaintiff's Equifax credit score being reported by Defendant was inaccurate and erroneous, Plaintiff provided Defendant with clear and convincing evidence that Plaintiff had directly obtained from Equifax that proved that Defendant's 688 score was incorrect and erroneous, and Plaintiff demanded that Defendant immediately correct his score. Despite being provided conclusive independent evidence that Defendant had committed a credit score reporting error Defendant not only failed to correct its error but actually continued to report the erroneous and inaccurate score.

17. In making and publishing the incorrect, inaccurate and erroneous credit score, Defendant has breached its duty of care owned to Plaintiff.

18. As a result of the breach of its duty of care owed to Plaintiff, Defendant has harmed and damaged and continues to harm and damage Plaintiff and to wrongfully disparage the credit standing and financial reputation of Plaintiff.

**WHEREFORE,** Plaintiff prays for damages against Defendant in an amount to be determined, for costs and for such other relief as this Court may deem available and appropriate to Plaintiff in the premises.

## COUNT II-VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA") (SECTIONS 501.201-.213, F.S.)

19. Plaintiff restates and realleges Paragraphs 1 through and including 18 above.

20. In its making of an erroneous and inaccurate credit score report and in its willful and malicious failure in the face of clear and convincing evidence to the contrary to correct the same, Defendant has exhibited a blatant disregard for the truth and has engaged and continues to engage in unfair, unconscionable and deceptive acts and omissions that constitute unfair practices under FDUTPA and has engaged and is engaging in acts and omissions that have been and will continue to likely mislead the consuming public and lead to harm and damage to a reasonable consumer acting in the same circumstances.

21. In its acts and omissions in violation of FDUTPA, Defendant has caused and continues to cause material harm and damage to Plaintiff and to Plaintiff's credit standing and financial reputation.

22. In an action brought by a consumer who has suffered a loss as a result of violation of FDUTPA, in addition to damages, such consumer may recover attorney's fees and court costs. *Fla. Stat.Section 501.2105.*

**WHEREFORE**, Plaintiff prays for damages against Defendant in an amount to be determined, for attorney's fees and court costs and for such other relief as this Court may deem available and appropriate to the Plaintiff in the premises.

### COUNT III-SLANDER OF CREDIT BY DEFENDANT PURSUANT TO 15 U.S.C. SECTIONS 1681, ET. SEQ.

23. Plaintiff restates and realleges Paragraphs 1 through and including 22 above.

24. In the making of an erroneous and inaccurate credit score report and in the willful and malicious wrongful continuation of the publication of such a wrongful report in the face of clear and convincing independent evidence that the same is erroneous and inaccurate, Defendant has exhibited a blatant disregard for the truth and has and continues to wrongfully slander the credit and financial reputation of Plaintiff. See *Vinson v. Ford Motor Credit Company, 259 So. 2d 768 (Fla. App. 1st 1972); Matthews v. Deland State Bank, 334 So. 2d 164, 166 (Fla. Dist. Ct. App. 1976)*

25. As a result of Defendant's initial and willful and malicious ongoing slander of Plaintiff's credit and financial reputation, Plaintiff has been and continues to be harmed and damaged.

26. Plaintiff reserves the right to seek punitive damages in this matter should the same prove available to Plaintiff.

**WHEREFORE**, Plaintiff prays for damages against Defendant in an amount to be determined, for costs and for such other relief as this Court may deem available and appropriate to the Plaintiff in the premises.

_____
James C. Patterson, esq., Pro Se Plaintiff
Fla. Bar No. 211842
1506 Little Brook Lane
Brandon, Florida 33511
Telephone: (219)-384-4718
Facsimile: (813)-433-5208
Email: jamescpatterson1@gmail.com